**YUGUANG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–5809–ag.

United States Court of Appeals,
Second Circuit.

Aug. 9, 2006.

Kevin Long, Monteray Park, California, for Petitioner.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Yuguang Chen, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Philip Morace's denial of his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was substantially flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but denying remand, in spite of deficiencies in an adverse credibility determination, because it predicted with confidence that the IJ would adhere to its decision were the case remanded).

■ Here, although the IJ's findings regarding the reason for Chen's suffering at the hands of village officials and his characterization of Chen's friend's letter were directly contradicted by evidence in the record, it can be confidently predicted that he would have concluded that Chen failed to present a credible claim of past persecution or a well-founded fear of future persecution despite those mischaracterizations. *See Xiao Ji Chen*, 434 F.3d at 161 (holding

that remand was not required where "(1) substantial evidence supports the error-free findings that the IJ made, (2) those findings adequately support the IJ's ultimate conclusion that petitioner lacked credibility, and (3) despite errors—considered in the context of the IJ's entire analysis—we can state with confidence that the IJ would adhere to his decision were the petition remanded."). The IJ appropriately relied on Chen's demeanor, *Zhou Yun Zhang*, 386 F.3d at 73, implausible hearing testimony, *Ming Xia Chen v. BIA*, 435 F.3d 141, 146 (2d Cir.2006), inconsistencies between submitted documentary evidence and oral hearing testimony, *Qyteza v. Gonzales*, 437 F.3d 224, 227 (2d Cir.2006), and vague statements regarding his and his friend's Falun Gong activities, *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003).

■ The IJ's denial of asylum is thus substantially supported by the record as a whole. Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Because Chen did not challenge the IJ's denial of CAT relief in his brief to this Court, any such arguments have been waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).